Peradotto, J.P., and Scudder, J.
(dissenting). Although we agree with the majority that County Court erred in failing to preclude the testimony regarding defendant’s statement to the police explaining where his own room was located in the residence because the People’s CPL 710.30 notice did not include that statement, we do not agree on this record that the error requires reversal of the judgment of conviction and a new trial. We respectfully dissent because, in our view, the error was harmless, and therefore the judgment should be affirmed.
The record does not support the majority’s conclusion that defendant’s statement to the police about the location of his room was the linchpin of the People’s case establishing that defendant was an occupant of the residence and thus had constructive possession of the drugs found therein. Here, the evidence established that, after two investigators responded to the residence to investigate and found that no one was home, one of the investigators located defendant at a nearby ski resort, they had a brief conversation there, and defendant then agreed to come back to the residence. Defendant drove his ATV and was followed by the investigator in his patrol vehicle. The two investigators then asked defendant whether he would provide them with permission to look inside the residence. After some conversation and contemplation, defendant verbally agreed.
Contrary to the majority’s conclusion, defendant did not merely provide a generic consent to search without more; rather, he signed a detailed written consent form—the knowing and voluntary execution of which he has never challenged— wherein he made specific admissions regarding his dominion and control over the residence. On the consent form, which contained defendant’s name and date of birth as well as the address of the residence, defendant stated that he was *1499 informed by the investigators of his “constitutional right not to have a search made of the premises and property owned by [him] and/or under [his] care, custody and control, without a search warrant.” Defendant further stated that he willingly gave his permission for the investigators to conduct a complete search of the premises and property, and “to take from [his] premises and property” any items desired as evidence for a criminal prosecution. Defendant thus acknowledged through the duly executed and detailed consent form that the residence was under his dominion and control.
In addition to returning to the residence in the lead and thereafter providing his consent to search the residence over which he had control, defendant’s further actions and the evidence discovered by the police were also entirely consistent with defendant’s occupancy of the residence. After consenting to the search, defendant led the investigators through the door of the residence. Although the investigators may have initially thought that they had consent to search the entire residence, it was subsequently established that one of the rooms “belonged to, or was rented to” another person that one of the investigators characterized as defendant’s “roommate.” Defendant then contacted that person by cell phone and, after speaking with him, that same investigator left the residence and obtained a search warrant for the entire residence, including the other person’s room. Defendant’s consent thus had extended only to the common areas of the residence. As noted by the majority, most of the marihuana and mushrooms recovered during the search were found in plastic containers stored in a closet adjacent to the living room. In part of the living room, the police also found a tin containing mushrooms and affixed with a handwritten note bearing the message, “Byron[,] Merry Xmas!”
Based on the foregoing, we conclude that the error in admitting defendant’s unnoticed statement is harmless. Considering the above-mentioned evidence in totality without reference to the error and, particularly, though not exclusively, defendant’s admissions in the consent form that he maintained custody and control of the residence, we conclude that the evidence of defendant’s constructive possession of the subject drugs is overwhelming (see generally People v Fineout, 139 AD3d 1394, 1395-1396 [2016]). There is no significant probability that the court would have acquitted defendant in the absence of the testimony regarding his statement to the investigators explaining the location of his room in the residence (see generally People v Arafet, 13 NY3d 460, 467 [2009]; People v Crimmins, *1500 36 NY2d 230, 241-242 [1975]).
Present—Peradotto, J.P., Lindley, DeJoseph, Troutman and Scudder, JJ.